IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DERRICK NORRIS,**

  **Petitioner,**

v.

**ERNIE MOORE, Warden,**

  **Respondent.**

**CASE NO. 2:07-cv-795**
**JUDGE FROST**
**MAGISTRATE JUDGE KEMP**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## PROCEDURAL HISTORY

This action involves petitioner's September 17, 2004, guilty plea in the Muskingum County Court of Common Pleas to charges of murder with a firearm specification, aggravated robbery, and tampering with evidence. *Exhibits 3 and 4 to Return of Writ; see also Exhibit 19 to Return of Writ, Transcript, Guilty Plea.* Pursuant to the terms of a negotiated guilty plea, the trial court sentenced petitioner to an aggregate term of thirty-three years to life incarceration. *Exhibits 5 and 19 to Return of Writ.* Petitioner did not timely appeal. On April 5, 2005, he filed a motion for delayed appeal in the state appellate court. *Exhibits 6 and 7 to Return of Writ.* On April 25, 2005, the appellate court dismissed petitioner's

motion due to petitioner's failure to attach a certificate of service. *See Exhibit 8 to Return of Writ; Ohio Appellate Rule 13(D).* Petitioner never pursued an appeal of the appellate court's decision to the Ohio Supreme Court. On January 21, 2005, he filed a post conviction petition in the state trial court in which he alleged that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). *Exhibit 9 to Return of Writ.* On July 19, 2005, after a hearing, the trial court denied petitioner's post conviction petition. *Exhibits 12 and 20 to Return of Writ.* Petitioner filed a timely appeal in which he raised the following assignments of error:

> I. THE TRIAL COURT DEPRIVED THE APPELLANT OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW WHERE THE COURT HELD THE EVIDENTIARY HEARING WITHOUT FIRST APPOINTING APPELLANT COUNSEL PRIOR TO SUCH HEARING.
>
> II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION IN HOLDING THAT APPELLANT WAS NOT ENTITLED TO RELIEF BECAUSE THE SENTENCE WAS AGREED TO AND THEREFORE WAS UNREVIEWABLE IN VIOLATION OF HIS ABSOLUTE RIGHT TO DUE PROCESS OF LAW.
>
> III. THE TRIAL COURT DEPRIVED THE APPELLANT OF HIS SUBSTANTIVE RIGHT TO DUE PROCESS OF LAW WHERE THE COURT REFUSED TO MODIFY HIS DEFINITE SENTENCES TO MINIMUM CONCURRENT TERMS OF IMPRISONMENT.
>
> IV. DEFENDANT-APPELLANT'S NON-MINIMUM CONSECUTIVE DEFINITE SENTENCES ARE VOID AB INITIO WHERE THE APPELLANT WAS DENIED HIS FUNDAMENTAL DUE PROCESS RIGHT TO NOTICE AND AN OPPORTUNITY TO BE HEARD.

*State v. Norris,* 2006 WL 1851698 (Ohio App. 5th Dist. June 29, 2006).  On June 29, 2006, the appellate court affirmed the judgment of the trial court.  Petitioner did not file any appeal.

On August 13, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Definite sentences void for lack of subject matter jurisdiction per *Apprendi-Blakely* issues.
>
> 2. Habeas corpus relief must be made permanent because no State corrective process exists per 28 U.S.C. 2254(B)(I).

It is the position of the respondent that the instant petition is time-barred.  Alternatively, respondent contends that petitioner's claims are procedurally defaulted.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions.  28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Petitioner's judgment of conviction became final on October 23, 2004 - *i.e.,* thirty days after the trial court's September 23, 2004, filing of the judgment entry of sentence - when the time period expired to file a timely appeal.[1] *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir.2002); Ohio App.R. 4(A). The statute of limitations ran for 90 days, until January 21, 2005, when petitioner filed his petition for post conviction relief with the state trial court. Such action tolled the running of the statute of limitations under 28 U.S.C. 2244(d)(2) until June 29, 2006, when the state appellate court affirmed the trial court's dismissal of petitioner's post conviction petition. *Lawrence v. Florida*, 127 S.Ct. 1079, 1083 (the statute of limitations is tolled only while state

---

[1] Respondent states that the date of filing of petitioner's judgment entry of sentence was September 30, 2004; however, the record before this Court appears to indicate that the judgment entry of sentence was filed on September 23, 2004. *See Exhibit 5 to Return of Writ.* Further, as noted by the respondent, *see Return of Writ*, using the September 30, 2004, date would not, in any event, render the instant habeas corpus petition timely.

4

courts review a collateral application). The statute of limitations expired 275 days later, on April 1, 2007. Petitioner waited over two more months, until June 12, 2007, to execute his habeas corpus petition. He filed the petition on August 13, 2007. Thus, this action is untimely. Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell*, 378 F.3d 550, 552 (6th Cir. 2004).

Petitioner contends that the State impeded him from raising his *Blakely* claim by ruling against him, and that he no longer has an adequate remedy in the state courts to raise his *Blakely* claim in view of the Ohio Supreme Court's holding in *State v. Foster*, 109 Ohio St.3d 1 (2006)(excising unconstitutional provisions of Ohio's sentencing statutes). Alternatively, petitioner argues that the statute of limitations did not begin to run until June 29, 2006, the date that the Ohio appellate court affirmed the trial court's dismissal of his petition for post conviction relief. *See Traverse*.

These arguments are not persuasive. The record is without support for petitioner's contention that he was prevented from raising his *Blakely* claim or filing this habeas corpus petition in a timely manner. Further, no reason justifies calculating the start date of the statute of limitations from the date that the Ohio court of appeals dismissed petitioner's post conviction appeal.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10)

days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/  Terence  P.  Kemp  
United States Magistrate Judge