IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DERRICK NORRIS,**                CASE NO. 2:07-cv-795
                                                  JUDGE FROST
       **Petitioner,**             MAGISTRATE JUDGE KEMP

**v.**

**ERNIE MOORE, Warden,**

       **Respondent.**

### OPINION AND ORDER

On August 8, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as untimely. Petitioner contends that this action is timely because he raises a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), which, according to petitioner, divested the trial court of jurisdiction. Petitioner also appears to argue that equitable tolling of the statute of limitations is appropriate based upon his actual innocence. These arguments are not persuasive.

A credible showing of actual innocence may justify equitable tolling of the statute of limitations. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Id.*, at 589-90 (citations omitted). Petitioner has failed to meet this standard here. Further, petitioner's claim under *Blakely* does not render this action timely.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For all of the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge